Shaun MALONE, Appellant,

v.

Barbara SEWELL, Appellee.

No. 2–03–080–CV.

Court of Appeals of Texas, Fort Worth.

June 23, 2005.

Mateer & Shaffer, LLP and Randal C. Shaffer, Dallas, for Appellant.

Kelly, Hart & Hallman, P.C., William N. Warren, Brian Stagner, Fort Worth, for Appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. Introduction

Shaun Malone appeals from the trial court's grant of summary judgment in favor of Barbara Sewell on Malone's claims

for sexual exploitation, breach of fiduciary duty, fraud, and sexual assault. We will affirm in part and reverse and remand in part.

## II. Factual and procedural background

Sewell was Malone's psychotherapist from November 1995 until June 1996. Shortly after their therapeutic relationship ended, Malone and Sewell commenced a sexual relationship. The sexual relationship began in Fort Worth, then continued when Malone and Sewell moved to Seattle in late 1996. It ended when Malone moved back to Texas in April 1998.

Malone sued Sewell in August 2001 for sexual exploitation, breach of fiduciary duty, fraud, and sexual assault. Sewell filed a traditional motion for summary judgment, primarily on limitations grounds. The trial court granted Sewell's motion. Malone filed this appeal.

## III. Standard of review

■■■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *S.W. Elec. Power Co.,* 73 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■■■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

■■■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

## IV. Discussion

In four issues, Malone asserts that the trial court erred in granting summary judgment. Each issue addresses one of Malone's four causes of action. We will examine each in turn.

### A. Sexual exploitation

■■■ In her first issue, Malone asserts that the trial court erred in granting summary judgment on her sexual exploitation claim. Sewell argued in her summary judgment motion that Malone's sexual exploitation claim was barred by limitations because Malone filed suit in August 2001, more than five years after the sexual relationship began and more than three years after it ended. Malone contends that the summary judgment evidence raises a fact issue as to whether limitations was tolled until 1999 under section 81.009(a) of the civil practice and remedies code.

Sexual exploitation is a cause of action created by chapter 81 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 81.001–81.010 (Vernon 2005). Under section 81.002, a mental health services provider is liable to a patient or former patient for damages arising from sexual contact between the patient and the mental health services provider or from sexual exploitation of the patient by the mental health services provider. *Id.* § 81.002. "Sexual exploitation" means a pattern, practice, or scheme of conduct, which may include sexual contact, that can reasonably be construed as being for the purpose of sexual arousal or gratification or sexual abuse of any person. *Id.* § 81.001(5).

Section 81.009 defines a three-year limitations period for a sexual exploitation claim:

Except as otherwise provided by this section, an action under this chapter must be filed before the third anniversary of the date the patient or former patient understood or should have understood the conduct for which liability is established under Section 81.002 or 81.003.

*Id.* § 81.009(a). But the next subsection contains a tolling provision:

If a patient or former patient entitled to file an action under this chapter is unable to bring the action because of the effects of the sexual exploitation, continued emotional dependence on the mental health services provider, or threats, instructions, or statements by the mental health services provider, the deadline for filing an action under this chapter is tolled during that period, except that the deadline may not be tolled for more than 15 years.

*Id.* § 81.009(b). A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996). If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show her entitlement to summary judgment. *Id.* Therefore, the real issue here is whether Sewell conclusively negated the application of section 81.009's tolling provision.

Both parties relied solely on Malone's deposition testimony and deposition exhibits as summary judgment evidence. Malone points to the following testimony as relevant to the tolling question:

A. . . . I knew there were prohibitions against me speaking [about the sexual relationship].

Q. What do you mean there were prohibitions against you speaking?

A. I mean I had been convinced that I was not supposed to ever tell anyone.

Q. Why were you not supposed to ever tell anyone?

A. Because [Sewell] didn't want me to.

. . .

Q. Do you understand—or did you have an understanding why she didn't want you to?

A. At the time, no.

Q. When did you gain an understanding?

A. About the time that I—about June of '99.

Q. Did she ever threaten you not to—what she would do if you told someone?

A. Yes.

Q. Overtly?

A. I think so.

Q. What did she say?

Q. That if my parents knew how crazy I was, they would put me in a mental institution.

Q. My question is: Did she ever threaten you that she would do something bad or do something that you did not want her to do if you told someone about your relationship with her?

A. No, she never said that.

Malone argues that her testimony raises a fact issue as to whether she was "unable to bring the action" because of "threats, instructions, or statements by the mental health provider." We agree. Considering the evidence in the light most favorable to Malone, as we must do, Malone's testimony is some evidence that Sewell made instructions or statements, if not threats, that deterred Malone from speaking out and thus from filing suit within three years of the sexual relationship. This is sufficient to raise a fact question on limitations tolling under section 81.009(b).

Elsewhere in her deposition, Malone testified as follows:

Q. Did you think it was a bad idea to have a relationship with your therapist?

A. No.

Q. Why not?

A. Because I was not capable of assessing that at that point.

Q. You don't remember thinking at the time that there's something wrong with it?

A. No.

Q. When did you first decide that there was something wrong with it?

A. I believe it was in the summer of '99. It was a week or so before I called [Malone's attorney].

Sewell argues that Malone's failure to understand that the sexual relationship was "wrong" does not trigger chapter 81's tolling provision. This may be true, but it does not address Malone's argument, nor does it conclusively negate the application of the tolling provision. The tolling provision is triggered by Sewell's alleged "instructions or statements." The summary judgment evidence raises a fact issue on the application of the tolling provision. The evidence does not conclusively prove that the tolling effect expired more than three years before Malone filed suit.

We hold that the trial court erred in granting summary judgment on Malone's sexual exploitation claim because Sewell failed to conclusively negate the application of section 81.009's tolling provision. We sustain Malone's first issue.

**B. Breach of fiduciary duty**

In her second issue, Malone asserts that the trial court erred in granting summary judgment on Sewell's limitations defense to Malone's breach of fiduciary duty claim. According to Malone, Sewell breached her fiduciary duty by "sitting really close" to Malone and hugging and caressing her, giving Malone a book that advocated sexual relationships between therapists and patients, and asking Malone on a date, all during therapy sessions. For purposes of this opinion, we will assume, as do the parties, that these acts breached Sewell's fiduciary duty.

A claim for breach of fiduciary duty is subject to the four-year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(5) (Vernon 2002). Malone concedes that the alleged breach of fiduciary duty occurred during the therapy relationship, which ended over five years before Malone filed suit. Thus, absent some exception to limitations, Malone's claim is barred. Malone asserts three exceptions: the discovery rule, the continuing tort doctrine, and estoppel by fraud.

**1. Discovery rule**

The discovery rule exception to limitations defers accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim. *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734 (Tex.2001). The discovery rule is a "very limited exception" to limitations when the injury is both inherently undiscoverable and objectively verifiable. *Schneider Nat. Carriers, Inc. v. Bates,* 147 S.W.3d 264, 279 (Tex.2004). An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence. *Horwood,* 58 S.W.3d at 734–35. "Inherently undiscoverable" does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. *Id.* at 735. The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances in which it is difficult for the injured party to learn of the wrongful act or omission. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex. 1996). A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

Sewell argues that Malone's deposition testimony proves as a matter of law that Malone knew or should have known about the alleged breach of fiduciary duty more than four years before she filed suit. Malone testified that she wrote on the night after her last therapy session, either as a letter to Sewell or in a journal, "I have not talked to anyone about you and will continue to protect you in that way." She testified that before her therapy with Sewell ended, Sewell told Malone that she needed to know that Malone would not sue her. Also before the end of the therapy relationship, Malone wrote in a journal, "Legal action, I know it's there, but I will not use it against a sister who dared to follow her heart against a powerful system of heartless rules."

Malone responds by pointing to her own testimony that she did not "think it was a bad idea to have a [sexual] relationship with a therapist" because she "wasn't capable of assessing that at that point." Malone testified that she first decided "that there was something wrong with it" in the summer of 1999. But this testimony relates to the sexual relationship after the therapy relationship ended, not to Sewell's alleged breach of fiduciary duty during the relationship.

We hold that Malone's testimony proves as a matter of law that she knew of the facts underlying her breach of fiduciary claim at least by the summer of 1996, and she even contemplated legal action at that time. Even if the discovery rule applies to this cause of action, it will not extend the statute of limitations to within four years of the date Malone filed suit.

### 2. Continuing tort doctrine

The continuing tort doctrine involves continuing wrongful conduct and continuing injury. *Dickson Constr., Inc. v. Fid. and Deposit Co. of Maryland,* 960 S.W.2d 845, 851 (Tex.App.-Texarkana 1997, no writ). Malone contends that her sexual relationship with Sewell *after* the therapy relationship terminated was simply a continuation of the breach of fiduciary duty that allegedly occurred *during* the therapy relationship, and that the statute of limitations did not begin to run until the sexual relationship ended. We disagree.

Malone's contention fails because Sewell's fiduciary duty to Malone ended when the therapy relationship ended. *Savage v. Psychiatric Institute of Bedford, Inc.*, 965 S.W.2d 745, 754 (Tex.App.-Fort Worth 1998, pet. denied) (holding fiduciary relationship ends when physician-patient relationship ends). Thus, Sewell's alleged breach of fiduciary duty could not, as a matter of law, continue beyond the end of the therapy relationship in June 1996.

We hold that the continuing tort doctrine does not apply to Malone's breach of fiduciary duty claim.

### 3. Estoppel by fraud

 Estoppel by fraud or fraudulent concealment is based on the doctrine of equitable estoppel. *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. App.-Fort Worth 1997, pet. denied). Where applicable, fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to the plaintiff's claim. *Id.* Unlike the discovery rule, which determines when the limitations period begins to run, the doctrine of fraudulent concealment tolls or suspends the running of limitations after it has begun because the defendant concealed from the plaintiff facts necessary for the plaintiff to know that she had a cause of action. *Id.* But the estoppel effect of fraudulent concealment is not permanent. *Id.* Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of a concealed cause of action is equivalent to knowledge of the cause of action for limitations purposes. *Id.* The elements of fraudulent concealment are (1) the existence of the underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception. *Id.* Once the defense of limitations is con-

clusively established, and the plaintiff resists summary judgment by asserting fraudulent concealment, the burden is on the plaintiff to raise a fact issue on each element of fraudulent concealment. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex.1994).

Malone argues that Sewell fraudulently led her to believe that she would suffer long-term psychological damage if she did not enter into a personal relationship with Sewell. But Malone does not point to evidence that raises a fact issue on the third and fourth elements of fraudulent concealment, deception to conceal the tort and reasonable reliance, and we find none in the record. As we noted in our discussion of the discovery rule, Malone testified that Sewell asked Malone for assurances that she would not sue her. This testimony suggests the very opposite of deception and concealment. We hold that Malone failed to raise a fact issue on all of the essential elements of fraudulent concealment.

Having concluded that there is no fact issue on any of the three exceptions to limitations raised by Malone, we overrule her second issue.

### C. Fraud

 In her third issue, Malone contends that the trial court erred in granting summary judgment on her fraud claim. As the basis of her fraud claim, Malone alleged that "Sewell falsely misrepresented [sic] to [Malone] that their relationship was acceptable and would not hurt [Malone]." Sewell argued in her motion for summary judgment that Malone's fraud claim was barred by limitations, that Malone did not rely on Sewell's alleged statements, and that the alleged misrepresentations were opinions and statements about future events.

The elements of common-law fraud are (1) a material representation, (2) that is false, (3) which was either known to be false when made or was made recklessly without knowledge of its truth, (4) with the intent that the representation be relied upon, (5) that it was relied upon, and (6) which caused injury. *See Johnson & Johnson Med., Inc. v. Sanchez,* 924 S.W.2d 925, 929–30 (Tex.1996). Common law fraud claims have a four-year statute of limitations. *See Williams v. Khalaf,* 802 S.W.2d 651, 653 (Tex.1990) (op. on reh'g). Limitations generally does not begin to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence. *See Little v. Smith,* 943 S.W.2d 414, 420 (Tex.1997).

Malone did not explicitly state in her petition when Sewell made the alleged misrepresentations. But she did allege that Sewell made the statements to induce Malone to enter into an "intimate" relationship with her. Thus, Sewell would have made the alleged misrepresentations before Malone and Sewell began a sexual relationship in 1996—more than four years before Malone filed suit. Absent some exception to limitations, Malone's fraud claim is time-barred. Malone asserts that limitations did not begin to run until her sudden epiphany that the relationship "was a bad idea" in 1999.

Sewell points to Malone's deposition testimony and letters from Malone to Sewell to show that Malone knew that the alleged misrepresentation was false more than four years before she filed suit. In her deposition, Malone acknowledged writing the following words in a letter to Sewell in June or July 1996:

Elizabeth and Carter [characters in a book about therapist-patient relationships] were in love.... They both had spouses, partners, too, so along with "THE RULES" they were truly "off

limits".... So our situation is a little different. We don't have partners....

Malone testified that by "the rules" she meant "that a therapist and client should never get involved." This testimony, argues Sewell, proves that Malone knew in 1996 that a relationship with Sewell was not acceptable; therefore, Malone knew that Sewell's alleged representation was false. We agree.

We hold that Malone's 1996 letter proves as a matter of law that Malone knew or should have known that a therapist-patient relationship was unacceptable and that Sewell's alleged representation to the contrary was false. Assuming that the alleged misrepresentation is a basis for a fraud claim, Malone's fraud claim is barred by limitations. We overrule Malone's third issue.

### D. Sexual assault

In her last issue, Malone argues that the trial court erred by applying Washington's three-year statute of limitations instead of Texas's five-year statute to Malone's sexual assault claim. Sewell replies that the Texas "borrowing statute" requires application of the Washington limitations period to the sexual assault claim. Malone, in turn, contends that Sewell is not entitled to summary judgment under the borrowing statute because she failed to prove conclusively that the alleged sexual assault occurred in Washington. We agree with Malone.

Section 16.0045 of the civil practice and remedies code defines Texas's statute of limitations for sexual assault as follows:

A person must bring suit for personal injury not later than five years after the day the cause of action accrues if the injury arises as a result of conduct that violates:

(1) Section 22.011, Penal Code (sexual assault); or

(2) Section 22.021, Penal Code (aggravated sexual assault).

TEX. CIV. PRAC. & REM.CODE ANN. § 16.0045(a)(Vernon 2002). The penal code, in turn, precisely defines sexual assault as follows:

§ 22.011. Sexual Assault

(a) A person commits an offense if the person:

 (1) intentionally or knowingly:

 (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;

 (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

 (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; . . . .

TEX. PENAL CODE ANN. § 22.011(a)(1) (Vernon Supp.2004–05).

Though Washington does not have a specific statute of limitations for adult sexual assault, Washington's "catch-all" three-year statute of limitations has been applied in a sexual abuse case. *See St. Michelle v. Robinson,* 52 Wash.App. 309, 759 P.2d 467, 469–70 (1988).

■ The Texas borrowing statute, section 71.031 of the civil practice and remedies code, is essentially a codified choice-of-law rule that borrows the statute of limitations of the foreign state where an injury occurred when the claimant is not a resident of Texas. *Tullis v. Georgia–Pacific Corp.,* 45 S.W.3d 118, 126 (Tex.App.-Fort Worth 2000, no pet.). The relevant part of the statute reads as follows:

An action for damages for . . . personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect or default causing the . . . injury takes place in a foreign state . . . if:

. . .

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; [and]

(3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect or default took place; . . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 71.031(a) (Vernon Supp.2004–05). In applying the borrowing statute, we look to the claimant's residency at the time the cause of action accrued. *Tullis,* 45 S.W.3d at 125.

To determine whether the summary judgement evidence compels application of Washington's three-year limitations period to Malone's sexual assault, we must examine the evidence in light of the borrowing statute, the Texas statute of limitations, and the penal code definition of sexual assault. The borrowing statute applies if the sexual assault "took place" in Washington and Malone was a nonresident of Texas when the claim accrued. TEX. CIV. PRAC. & REM.CODE ANN. § 71.031(a)(3); *see Tullis,* 45 S.W.3d at 125. The sexual assault "took place" in Washington if Sewell committed one or more of the acts defined by penal code section 22.011(a)(1) in Washington. Malone's petition does not specify whether the alleged sexual assault took place in Texas, Washington, or both states. Thus, to even reach the question of whether the borrowing statute applies, Sewell's summary judgment evidence must conclusively establish that if a sexual assault took place, it took place in Washington; that is,

that Sewell committed one or more of the acts defined by penal code section 22.011(a)(1) in Washington. Sewell has not carried this heavy burden.

The summary judgment evidence does not prove conclusively that the alleged sexual assault took place in Washington. As we noted above, the evidence consists of Malone's deposition testimony and a few letters or journal entries. Sewell points to several pages in Malone's deposition as proof that the alleged sexual assault took place in Washington. But the testimony on those pages proves only that Malone was a resident of Washington from October 1996 through April 1998. We have carefully reviewed Malone's entire deposition and find no testimony proving that any of the specific conduct listed in penal code section 22.011(a)(1) took place in Washington. The only testimony concerning sexual contact of any kind in Washington appears on page 143 of Malone's deposition, as follows:

> [S]he used me sexually for gratification and then she would get up and walk away and it was not—it was not two-sided.

This testimony does not necessarily imply a sexual assault as defined by the penal code and does not conclusively prove that the alleged sexual assault took place in Washington.

Because the summary judgment evidence does not conclusively prove that the alleged sexual assault took place in Washington, we do not reach the question of whether the borrowing statute requires the application of Washington's three-year statute of limitations. Sewell did not establish her entitlement to summary judgment under Washington's statute of limitations.

Sewell also argues that Malone's sexual assault claim is barred under the Texas statute of limitations because Malone alleges that Sewell sexually assaulted her during their therapist-patient relationship, which ended more than five years before Malone filed suit. But according to Malone's deposition testimony, the sexual assault did not begin until after the therapist-patient relationship ended. Sewell failed to prove to prove that the sexual assault, if any, occurred more than five years before Malone filed suit. Thus, Sewell is not entitled to summary judgment under Texas's five-year statute of limitations.

We therefore conclude that the trial court erred in granting summary judgment on Malone's sexual assault claim. We sustain Malone's fourth issue.

## V. Conclusion

We sustain Malone's first and fourth issues. We overrule her second and third issues. We therefore affirm the trial court's summary judgment in part, reverse it in part, and remand this cause for further proceedings on Malone's sexual exploitation and sexual assault claims. *See* Tex.R.App. P. 43.2(a), (d).

CAYCE, C.J. dissents without opinion.[1]

---

1. Cayce, C.J. would overrule Malone's first and fourth issues and affirm the trial court's judgment in its entirety.