NO. 07-05-0094-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 16, 2006



______________________________




SHAWNA LYNN BORTH, APPELLANT



v.



CONSTANTINE SAADEH, M.D., APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 55248C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., HANCOCK, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Shawna Lynn Borth (Borth), acting pro se, appeals from a take-nothing
summary judgment entered in favor of appellee Constantine Saadeh, M.D. (Saadeh) with
respect to her health care liability claim. Summary judgment was sought and granted on
the basis that Borth's claims were barred by the statute of limitations. On appeal, Borth
contends the two-year statute of limitations is not applicable to her claims because she
discovered Saadeh's negligence and/or fraudulent concealment within ten years. (2) We
affirm the judgment of the trial court.

 Borth filed her lawsuit on November 10, 2004, alleging various acts of negligence
on the part of Saadeh, a rheumatologist, in failing to diagnose her conditions of Ehler's
Danlos Syndrome, migraines, low blood sugar, hormone imbalance, ortho-static
hypotension, and depression, in failing to recognize chronic sinusitis as a serious and
debilitating medical condition, in allowing her iatrogenic illnesses to continue, and in
violating the Hippocratic oath. It is undisputed that Saadeh treated Borth from November
11, 1997, to October 5, 1999. (3) Saadeh contends that Borth was required to file her lawsuit
within two years of October 5, 1999. 

 The standard by which we review a traditional motion for summary judgment is set
forth in Kimber v. Sideris, 8 S.W.3d 672, 674-75 (Tex. App.--Amarillo 1999, no pet.). We
refer the parties to that case for a description of the standard. 

 Health care liability claims must be brought within two years from the occurrence of
the tort or from the date the medical treatment that is the subject of the claim is completed. 
Tex. Civ. Prac. & Rem. Code Ann. §74.251(a) (Vernon 2005). The limitations period is
measured by one of three dates: 1) the occurrence of the tort, 2) the last date of the
relevant course of treatment, or 3) the last date of the relevant hospitalization. Shah v.
Moss, 67 S.W.3d 836, 841 (Tex. 2001). (4) If the date of the alleged tort is ascertainable, the
limitations period begins on that date, not on whichever of the three dates happens to be
most favorable to the plaintiff. Id. As a result of the statute, the discovery rule is no longer
applicable in medical care liability claims. (5) Diaz v. Westphal, 941 S.W.2d 96, 99 (Tex.
1997). Therefore, at the latest, the statute of limitations would have started to run on the
date of last treatment, which was October 5, 1999. 

 Borth relies on section 74.251(b) of the Civil Practice and Remedies Code as
authority that she actually had ten years to bring her claim. That subsection provides:

 A claimant must bring a health care liability claim not later than 10 years after
the date of the act or omission that gives rise to the claim. This subsection
is intended as a statute of repose so that all claims must be brought within
10 years or they are time barred. 


Tex. Civ. Prac. & Rem. Code Ann. §74.251(b) (Vernon 2005). A statute of limitations bars
enforcement of a right while a statute of repose takes the right away altogether. Johnson
v. City of Fort Worth, 774 S.W.2d 653, 654 n.1 (Tex. 1989); Aguilar v. Trujillo, 162 S.W.3d
839, 853 (Tex. App.--El Paso 2005, pet. denied); Cadle Co. v Wilson, 136 S.W.3d 345, 350
(Tex. App.--Austin 2004, no pet.). The period set out in a statute of repose is independent
of the claim's accrual or discovery and may cut off a right even before it accrues. Holubec
v. Brandenberger, 111 S.W.3d 32, 37 (Tex. 2003). It sets an outer limit beyond which no
action can be maintained. Id. Thus, if the discovery rule applied (as it does not here) or
there is a legal basis for tolling the period of limitations, the ten-year statute of repose
would serve as an outer limit after which no cause of action could be brought. 

 Borth contends that the fraudulent concealment of Saadeh should toll the statute of
limitations. When the plaintiff resists summary judgment by asserting fraudulent
concealment, the burden is on the plaintiff to raise a fact issue on each element of
fraudulent concealment. American Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex.
1994); Malone v. Sewell, 168 S.W.3d 243, 252 (Tex. App.--Fort Worth 2005, pet. denied). 
The elements of fraudulent concealment are 1) existence of an underlying tort, 2) the
defendant's knowledge of the tort, 3) the defendant's use of deception to conceal the tort,
and 4) the plaintiff's reasonable reliance on the deception. Malone v. Sewell, 168 S.W.3d
at 252. Borth's evidence in support of her response to the motion for summary judgment
is her own affidavit. (6) She does not attempt therein to address each element of fraudulent
concealment and the allegations in her response do not constitute proof of the same. See
Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995) (holding that
pleadings are not competent summary judgment evidence even if sworn or verified);
American Petrofina, Inc. v. Allen, 887 S.W.2d at 830 (holding that a mere pleading or
response to a summary judgment motion does not satisfy the burden of coming forward
with sufficient evidence to prevent summary judgment). Consequently, fraudulent
concealment does not suspend the limitations period based on the record before us. 

 Finally, Borth raised an issue that the statute of limitations violates the open courts
provision of the Texas Constitution. (7) To establish the same, she is required to show 1) that
she has a cognizable common-law cause of action, and 2) that restriction of the claim is
unreasonable or arbitrary when balanced against the statute's purpose. Shah v. Moss, 67
S.W.3d at 842; Diaz v. Westphal, 941 S.W.2d at 100. Borth also has the burden of raising
a fact issue demonstrating she did not have a reasonable opportunity to discover any
alleged wrongs before the limitations period expired. Shah v. Moss, 67 S.W.3d at 846-47. 
Borth's affidavit in support of her response to the motion for summary judgment does not
raise a fact issue that she did not have a reasonable opportunity to discover Saadeh's
alleged negligence. Further, she waited one year and eleven months after allegedly
discovering Saadeh's negligence with respect to one of her medical problems before
bringing suit. A plaintiff may not obtain relief under the open courts provision if she does
not use due diligence and sue within a reasonable time after learning of the alleged wrong. 
Shah v. Moss, 67 S.W.3d at 847. We find that she waited an unreasonable time to file suit
after discovering her injury. See id. (holding that, as a matter of law, 17 months was an
unreasonable time to wait to bring suit). 

 Because the two-year statute of limitations is applicable to Borth's causes of action,
the trial court did not err in granting summary judgment to Saadeh. Accordingly, the
summary judgment is affirmed.


 John T. Boyd

 Senior Justice

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005). 
2. Borth raises other issues related to Saadeh's negligence, whether a witness lied
in his affidavit, and whether she has a valid lawsuit against Dr. John Kelleher. These
issues are not material to whether the statute of limitations bars her claims against Saadeh
except to the extent that Borth must prove an underlying tort to prove fraudulent
concealment. 
3. Borth avers that she called Saadeh's office on November 4, 2004, and again on
November 8, 2004, speaking to Michael Gaylor both times. However, she was informed
by Gaylor that Saadeh would not treat her as a patient. 
4. The three dates discussed in Shah were based on article 4590i §10.01of the
Revised Civil Statutes, which is in relevant part the same as the current version of the
statute at section 74.251 of the Civil Practice and Remedies Code. 
5. Borth claims she "discovered" Saadeh's negligence on December 10, 2002, when
she was finally diagnosed with Ehler's-Danlos Syndrome. She does not specifically
address when she "discovered" the other medical problems which she claims Saadeh failed
to diagnose or treat. 
6. While Borth refers to testimony from a hearing, we do not have a reporter's record
of that hearing. Borth sought to obtain a free reporter's record on the basis she was
indigent and that request was denied. 
7. The open courts provision protects a person from legislative acts that cut off a
person's right to sue before there is a reasonable opportunity to discover the wrong and
bring suit. Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001).