NO. 07-05-0094-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 16, 2006

_____


SHAWNA LYNN BORTH, APPELLANT

v.

CONSTANTINE SAADEH, M.D., APPELLEE


_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 55248C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Shawna Lynn Borth (Borth), acting *pro se*, appeals from a take-nothing summary judgment entered in favor of appellee Constantine Saadeh, M.D. (Saadeh) with respect to her health care liability claim. Summary judgment was sought and granted on the basis that Borth's claims were barred by the statute of limitations. On appeal, Borth contends the two-year statute of limitations is not applicable to her claims because she

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

discovered Saadeh's negligence and/or fraudulent concealment within ten years.[2]  We affirm the judgment of the trial court.

Borth filed her lawsuit on November 10, 2004, alleging various acts of negligence on the part of Saadeh, a rheumatologist, in failing to diagnose her conditions of Ehler's Danlos Syndrome, migraines, low blood sugar, hormone imbalance, ortho-static hypotension, and depression, in failing to recognize chronic sinusitis as a serious and debilitating medical condition, in allowing her iatrogenic illnesses to continue, and in violating the Hippocratic oath.  It is undisputed that Saadeh treated Borth from November 11, 1997, to October 5, 1999.[3]  Saadeh contends that Borth was required to file her lawsuit within two years of October 5, 1999.

The standard by which we review a traditional motion for summary judgment is set forth in *Kimber v. Sideris,* 8 S.W.3d 672, 674-75 (Tex. App.--Amarillo 1999, no pet.).  We refer the parties to that case for a description of the standard.

Health care liability claims must be brought within two years from the occurrence of the tort or from the date the medical treatment that is the subject of the claim is completed. Tex. Civ. Prac. & Rem. Code Ann. §74.251(a) (Vernon 2005).  The limitations period is measured by one of three dates:  1) the occurrence of the tort, 2) the last date of the

---

[2]Borth raises other issues related to Saadeh's negligence, whether a witness lied in his affidavit, and whether she has a valid lawsuit against Dr. John Kelleher.  These issues are not material to whether the statute of limitations bars her claims against Saadeh except to the extent that Borth must prove an underlying tort to prove fraudulent concealment.

[3]Borth avers that she called Saadeh's office on November 4, 2004, and again on November 8, 2004, speaking to Michael Gaylor both times.  However, she was informed by Gaylor that Saadeh would not treat her as a patient.

relevant course of treatment, or 3) the last date of the relevant hospitalization. *Shah v. Moss,* 67 S.W.3d 836, 841 (Tex. 2001).[4] If the date of the alleged tort is ascertainable, the limitations period begins on that date, not on whichever of the three dates happens to be most favorable to the plaintiff. *Id.* As a result of the statute, the discovery rule is no longer applicable in medical care liability claims.[5] *Diaz v. Westphal,* 941 S.W.2d 96, 99 (Tex. 1997). Therefore, at the latest, the statute of limitations would have started to run on the date of last treatment, which was October 5, 1999.

Borth relies on section 74.251(b) of the Civil Practice and Remedies Code as authority that she actually had ten years to bring her claim. That subsection provides:

> A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

Tex. Civ. Prac. & Rem. Code Ann. §74.251(b) (Vernon 2005). A statute of limitations bars enforcement of a right while a statute of repose takes the right away altogether. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654 n.1 (Tex. 1989); *Aguilar v. Trujillo,* 162 S.W.3d 839, 853 (Tex. App.--El Paso 2005, pet. denied); *Cadle Co. v Wilson,* 136 S.W.3d 345, 350 (Tex. App.--Austin 2004, no pet.). The period set out in a statute of repose is independent of the claim's accrual or discovery and may cut off a right even before it accrues. *Holubec*

---

[4]The three dates discussed in *Shah* were based on article 4590i §10.01of the Revised Civil Statutes, which is in relevant part the same as the current version of the statute at section 74.251 of the Civil Practice and Remedies Code.

[5]Borth claims she "discovered" Saadeh's negligence on December 10, 2002, when she was finally diagnosed with Ehler's-Danlos Syndrome. She does not specifically address when she "discovered" the other medical problems which she claims Saadeh failed to diagnose or treat.

3

*v. Brandenberger,* 111 S.W.3d 32, 37 (Tex. 2003). It sets an outer limit beyond which no action can be maintained. *Id.* Thus, if the discovery rule applied (as it does not here) or there is a legal basis for tolling the period of limitations, the ten-year statute of repose would serve as an outer limit after which no cause of action could be brought.

Borth contends that the fraudulent concealment of Saadeh should toll the statute of limitations. When the plaintiff resists summary judgment by asserting fraudulent concealment, the burden is on the plaintiff to raise a fact issue on each element of fraudulent concealment. *American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex. 1994); *Malone v. Sewell,* 168 S.W.3d 243, 252 (Tex. App.--Fort Worth 2005, pet. denied). The elements of fraudulent concealment are 1) existence of an underlying tort, 2) the defendant's knowledge of the tort, 3) the defendant's use of deception to conceal the tort, and 4) the plaintiff's reasonable reliance on the deception. *Malone v. Sewell,* 168 S.W.3d at 252. Borth's evidence in support of her response to the motion for summary judgment is her own affidavit.[6] She does not attempt therein to address each element of fraudulent concealment and the allegations in her response do not constitute proof of the same. *See Laidlaw Waste Sys., Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995) (holding that pleadings are not competent summary judgment evidence even if sworn or verified); *American Petrofina, Inc. v. Allen,* 887 S.W.2d at 830 (holding that a mere pleading or response to a summary judgment motion does not satisfy the burden of coming forward

---

[6]While Borth refers to testimony from a hearing, we do not have a reporter's record of that hearing. Borth sought to obtain a free reporter's record on the basis she was indigent and that request was denied.

with sufficient evidence to prevent summary judgment). Consequently, fraudulent concealment does not suspend the limitations period based on the record before us.

Finally, Borth raised an issue that the statute of limitations violates the open courts provision of the Texas Constitution.[7] To establish the same, she is required to show 1) that she has a cognizable common-law cause of action, and 2) that restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose. *Shah v. Moss,* 67 S.W.3d at 842; *Diaz v. Westphal,* 941 S.W.2d at 100. Borth also has the burden of raising a fact issue demonstrating she did not have a reasonable opportunity to discover any alleged wrongs before the limitations period expired. *Shah v. Moss,* 67 S.W.3d at 846-47. Borth's affidavit in support of her response to the motion for summary judgment does not raise a fact issue that she did not have a reasonable opportunity to discover Saadeh's alleged negligence. Further, she waited one year and eleven months after allegedly discovering Saadeh's negligence with respect to one of her medical problems before bringing suit. A plaintiff may not obtain relief under the open courts provision if she does not use due diligence and sue within a reasonable time after learning of the alleged wrong. *Shah v. Moss,* 67 S.W.3d at 847. We find that she waited an unreasonable time to file suit after discovering her injury. *See id.* (holding that, as a matter of law, 17 months was an unreasonable time to wait to bring suit).

---

[7]The open courts provision protects a person from legislative acts that cut off a person's right to sue before there is a reasonable opportunity to discover the wrong and bring suit. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex. 2001).

Because the two-year statute of limitations is applicable to Borth's causes of action, the trial court did not err in granting summary judgment to Saadeh. Accordingly, the summary judgment is affirmed.


John T. Boyd
Senior Justice