**Opinion filed July 11, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-17-00203-CV

_____

## YAMIL LUCIANO, Appellant

## V.

## FAITH SLOCUM, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC18593**

## M E M O R A N D U M   O P I N I O N

Yamil Luciano filed a malicious prosecution suit against Faith Slocum, his former wife. Because it found that the claim was time-barred, the trial court granted a summary judgment in favor of Slocum and dismissed Luciano's lawsuit with prejudice. Luciano filed this pro se appeal from that summary judgment. We affirm.

Luciano and Slocum were at one time married. They were later divorced, and the divorce proceedings were somewhat less than friendly.[1]

---

[1]The divorce case was the subject of another pro se appeal by Luciano to this court. We affirmed the trial court's judgment. *See Luciano v. Luciano*, No. 11-15-00280-CV, 2017 WL 6559656 (Tex. App.—Eastland Dec. 21, 2017, no pet.) (mem. op.).

On February 4, 2014, J. Morales, a peace officer, filed a criminal complaint against Luciano, with Slocum's approval, for the offense of stalking, and the police subsequently arrested him. The stalking charge was related to Luciano's actions toward Slocum and one of the parties' children.

The following month, on March 12, 2014, a grand jury "no-billed" Luciano on the stalking charge. On March 19, 2014, the justice court entered an order by which it dismissed the stalking case.

Just over two years later, according to a March 30, 2016 file mark of the district clerk of Midland County, Luciano filed a malicious prosecution lawsuit against Slocum. Luciano based his lawsuit on the 2014 stalking charge.

Slocum filed a motion for summary judgment based upon her pleaded affirmative defense of limitations. Slocum asserted that a claimant in a malicious prosecution lawsuit must file it within one year of the date that the cause of action accrues. She maintained that the cause of action accrued on March 12, 2014, the date that the grand jury no-billed Luciano, or at least on March 19, 2014, when the justice court signed the order of dismissal. Slocum takes the same position in this appeal.

Luciano filed a motion for partial summary judgment. In his motion, Luciano took the position that limitations had not expired, that the discovery rule applied, and that his own lawyer fraudulently concealed the fact that the stalking charge had been dismissed.

We review summary judgments de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Under the well-established standards governing traditional motions for summary judgment, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We take as true all evidence

2

favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "We review a summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions." *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam).

When both sides in a lawsuit move for summary judgment and the trial court grants one of the motions and denies the other, we are to review both sides' summary judgment evidence and determine all questions that the parties present. *FM Prop. Op. Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Here, the trial court granted Slocum's motion for summary judgment upon the specified ground that limitations barred Luciano's claim for malicious prosecution. Although the trial court did not expressly overrule Luciano's motion for partial summary judgment, it effectively did so when it granted Slocum's motion—on the same theory that Luciano argued in his motion—and dismissed Luciano's lawsuit with prejudice.

In Luciano's first of seven issues on appeal, he asks: "Did the court admit all [Luciano's] evidence objected to [by Slocum] when it stated 'I'm taking all of his arguments into account'?" In Luciano's second issue on appeal, he asks: "Did the court err in not allowing a rehearing to correct defects in form to summary judgement [sic] evidence after objection was raised?" However, Luciano claims in his brief that "[t]he record shows that the trial court considered all the evidence that [he] submitted and as such is admitted into evidence for summary judgement [sic] proof." Although much of Luciano's summary judgment evidence was improper, the trial court was more than fair to Luciano when, as Luciano states, it considered the evidence anyway. Even if the trial court somehow erred when it considered Luciano's improper summary judgment evidence, we cannot see how Luciano was harmed. *See* TEX. R. APP. P. 44.1(a)(1) (no reversal unless error "probably caused

3

the rendition of an improper judgment"). We overrule Luciano's first and second issues on appeal.

In his fourth issue on appeal, Luciano poses the question: "Did the court err in overruling objection to Appellee's evidence when the notary is the same as the affiant?" Luciano refers to a document that is signed by Pamela Renee Brown and attached to Slocum's motion for summary judgment. The document reflects that Brown is the custodian of records for Precinct 3 in Midland County. She has attached what she asserts to be "a true and correct copy of Cause No. F3140038 State of Texas vs. Yamil Luciano Motion to Dismiss and Order signed by the Judge of Justice Court Precinct 3, Midland County, Texas." The document is denominated "Affidavit" but is both signed and notarized by Brown. Luciano lodged an objection to the "Affidavit" because Brown also signed the document as the notary. In her brief, Slocum refers to the document as a "[d]eclaration."

Copies of documents must be authenticated before a court may consider the documents to be competent summary judgment evidence. TEX. R. CIV. P. 166a(c) (authenticated or certified public records are proper summary judgment evidence); *In re Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). To properly authenticate a document, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). Some documents are self-authenticating, such as certified copies of public records or public documents that are sealed and signed. TEX. R. EVID. 902(2), (4). The operative document here is the order of dismissal. We have examined the document executed by Brown, as well as the attachment to it. We believe that Slocum has produced evidence that sufficiently supports a finding that the order is what it purports to be. We overrule Luciano's fourth issue on appeal.

4

In Luciano's third issue on appeal, he claims that the trial court erred when it granted Slocum's motion for summary judgment because Slocum did not conclusively show that there was no triable issue of fact. In his fifth issue on appeal, Luciano asks: "Did the court properly file the complaint on 03/30/16 when the Petitioner submitted the filing on 03/24/16?" In his sixth issue on appeal, Luciano maintains that the discovery rule applies because the dismissal was not a matter of public record until after limitations had expired. All these issues will be resolved next when we determine whether Luciano's lawsuit is time-barred.

When a defendant moves for summary judgment on the affirmative defense of limitations, the defendant must conclusively prove when the cause of action accrued and must also "negate the discovery rule, if it applies and has been pleaded or otherwise raised." *KPMG Peat Marwick v. Harrison Cty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). However, the discovery rule does not apply to claims for malicious criminal prosecution. *See Lang v. City of Nacogdoches*, 942 S.W.2d 752, 758 (Tex. App.—Tyler 1997, writ denied) (discovery rule does not apply to a malicious prosecution claim where plaintiffs had access to public record and dismissal of criminal case against plaintiffs was a matter of public record and either plaintiffs or their attorneys could have discovered the dismissal by an examination of the public records). Malicious prosecution cases "do not fall into the rare class of cases where the discovery rule applies." *Patrick v. Howard*, 904 S.W.2d 941, 945 (Tex. App.—Austin 1995, no writ). If the defendant establishes that limitations bars a cause of action, the plaintiff must present summary judgment evidence that raises a fact issue in avoidance of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748. The discovery rule is a matter in avoidance of limitations. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988).

The limitations period begins to run when a cause of action accrues; the date of accrual is normally a question of law. *Holy Cross Church of God in Christ v.*

5

*Wolf*, 44 S.W.3d 562, 567 (Tex. 2001); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). In a malicious prosecution case, a cause of action accrues, or limitations begin to run, when the criminal prosecution ends. TEX. CIV. PRAC. & REM. CODE ANN. §16.002 (West 2017); *Patrick*, 904 S.W.2d at 943.

The summary judgment evidence in this case shows that the criminal prosecution ended at least when the trial court dismissed the stalking case on March 19, 2014. The dismissal was a part of the records of the Justice Court of Precinct 3 in Midland County and could have been discovered by Luciano or his attorney. (CR124-125). Under the circumstances of this case, the discovery rule does not provide Luciano with a way to avoid the application of limitations. Regardless of whether Luciano filed his malicious prosecution lawsuit on March 24, 2016, as he maintains, or on March 30, 2016, as the clerk's file stamp shows, he filed it too late and the claim is barred by limitations. We overrule Luciano's third, fifth, and sixth issues on appeal.

Finally, in his seventh issue on appeal, Luciano makes the claim that his own lawyer fraudulently concealed, until limitations had run, the fact that the stalking charge had been dismissed. "The elements of fraudulent concealment are (1) the existence of the underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception." *Malone v. Sewell*, 168 S.W.3d 243, 251 (Tex. App.— Fort Worth 2005, pet. denied). The doctrine of fraudulent concealment tolls or suspends the running of limitations after it has begun because the defendant concealed from the plaintiff facts necessary for the plaintiff to know that a cause of action existed. *Id.* One who asserts fraudulent concealment in defense of a claim of limitations has the burden to come forward with evidence that raises an issue of fact with respect to fraudulent concealment. *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994).

Luciano alleged in the trial court, and maintains in this appeal, that his own attorney, not Slocum, fraudulently concealed the dismissal of the stalking charge. Even if we consider, as the trial court did, all the purported evidence submitted by Luciano, there is nothing in this record to show that Slocum fraudulently concealed the dismissal of the stalking charge. We overrule Luciano's seventh issue on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

July 11, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.