Margaret MANDOLA, Appellant,

v.

Armando J. MARIOTTI, Appellee.

No. 16921.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 6, 1977.

Rehearing Denied Nov. 3, 1977.

Wm. J. Kershner, Houston, for appellant.

Fulbright & Jaworski, and J. Graham Hill, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit to recover damages by reason of injuries sustained in an automobile collision. The trial court entered a summary judgment for the defendant on the basis that the cause of action was barred by the two year statute of limitations. The plaintiff asserts that an issue of fact was raised by reason of representations made by a claims adjuster employed by the defendant's insurance carrier. The judgment will be reversed and the case remanded.

On September 5, 1975 the plaintiff filed this suit, which is based on an automobile accident occurring on December 27, 1972. The defendant plead that the suit was barred by reason of Art. 5526, Vernon's Rev.Civ.Stat.Ann., the two year statute of limitations. Plaintiff plead that defendant should be estopped from asserting the limitations defense by reason of certain representations made by The Aetna Casualty & Surety Company, the defendant's insurance carrier.

The defendant filed a motion for summary judgment based on the statute of limitations. Accompanying this motion were the affidavits of the defendant and of Yvette De Pena, a claims adjuster for The Aetna Casualty & Surety Company. Mr. Mariotti stated that he had informed plaintiff that he was insured by The Aetna Casualty & Surety Company, but that he did not enter into any agreement concerning the payment of any claim. He asserted that he did not tell the plaintiff that he or his insurance company were waiving the right to fully defend the claim.

Ms. De Pena stated that after being informed of the accident she discussed the case with the plaintiff and paid several medical bills. She did not suggest to plaintiff that the insurance company was waiving its right to fully defend the suit or that the plaintiff need not file her suit within the time periods established by law.

The plaintiff filed an affidavit in opposition to the motion, stating that Ms. De Pena contacted her shortly after the accident and advised her that she did not need an attorney because her company would take care of all damages. Ms. De Pena assured her periodically that the company would take care of the damage and in fact did pay certain medical bills as they accrued. When a period of two years had passed from the date of the accident Ms. De Pena informed the plaintiff that the company was no longer responsible for her damage because the statute of limitations had run.

The defendant asserts that the only issue on appeal is:

"Should the defendant, Armando J. Mariotti, be estopped from asserting his valid statute of limitations defense based solely upon alleged statements and actions of the defendant's insurance carrier, a non-party?"

█ A party may be estopped from asserting a statute of limitations when he has, by misrepresentation of a material fact, induced a plaintiff to postpone filing of a suit until his claim is barred by the statute. *Ladd v. Knowles*, 505 S.W.2d 662 (Tex.Civ. App.—Amarillo 1974, writ ref'd n. r. e.); *Lanpar Company v. Stanfield*, 474 S.W.2d 753 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.).

█ A party may be estopped by the acts of his agent or representative from

asserting the limitations defense. *Koudsi v. Mathiwos*, 147 S.W.2d 585 (Tex.Civ.App.—El Paso 1940, no writ); *General Insurance Company of America v. United States*, 406 F.2d 442 (5th Cir. 1969). An estoppel in pais operates only on parties to the transaction and their privies. *Asbeck v. Asbeck*, 362 S.W.2d 891 (Tex.Civ.App.—Texarkana 1962) aff'd 369 S.W.2d 915.

There appear to be no Texas cases directly in point. Appellee cites cases which hold that a settlement by an insurance company will not be admissible as an admission against interest against the insured upon the trial of a claim in behalf of the insured arising out of the same accident. *Jackson v. Clark*, 351 S.W.2d 292 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.); *City Transportation Company of Dallas v. Vatsures*, 278 S.W.2d 373 (Tex.Civ.App.—Waco 1955, writ dism'd); *Wieding v. Krisch*, 271 S.W.2d 458 (Tex.Civ.App.—San Antonio 1954, no writ); *Hurley v. McMillan*, 268 S.W.2d 229 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.).

■ These cases are not persuasive. The payment of a claim in full should be admissible as an admission of liability by the party paying the claim. Where the insurance company settles a claim without the knowledge or consent of the insured, it should not be admissible as an admission of the insured. *City Transportation Company of Dallas v. Vatsures*, 278 S.W.2d 373 (Tex. Civ.App.—Waco 1955, writ dism'd). Ordinarily statements made by an agent admitting liability, not part of the *res gestae*, are not admissible as admissions of the principal unless the making of the admission was within the agents scope of authority. 2 Tex.Jur.2d, Agency § 274. In *Hurley v. McMillan*, supra, the court said:

"It is manifest that an insurance company, if it admits that its insured is liable, without its insured's knowledge or consent, is acting in its own interest, and not as the agent of the insured."

■ Ordinarily the insurer is not an agent of the insured merely because it performs acts beneficial to the insured. An indemnity insurer, by contracting to defend, and by defending, does not become an agent of the insured, but rather the relationship is that of an independent contractor. However, an indemnity insurer may, by retaining full control of actions against the insured, become the agent of the insured in taking action under such a reservation of authority. Couch On Insurance 2d § 25:99.

■ An adjuster acting for an insurance company may be considered to be the agent of the insured so as to estop the insured from setting up a statute of limitations. Appleman, 16 Insurance Law & Practice § 8646 (1968).

In the landmark case of *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Comm'n App.1929, holdings appr.), an indemnity insurance company was characterized as the agent of its insured. There the court said:

". . . it, by the very terms of the contract, assumed the responsibility to act as the exclusive and absolute agent of the assured in all matters pertaining to the questions in litigation, and, as such agent, it ought to be held to that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business . . ."

There are decisions from other states holding that an adjuster acting for an insurance company may be considered to be the agent of the insured so as to estop the insured in setting up the statute of limitations. *Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964); *North v. Culmer*, 193 So.2d 701 (Fla.Ct.App.1967); *MacKeen v. Kasinskas*, 333 Mass. 695, 132 N.E.2d 732 (1956); *Hayes v. Gessner*, 315 Mass. 366, 52 N.E.2d 968 (1944).

■ While these cases are not controlling, they are persuasive. The statements and actions of the adjuster in this case, if proved at trial, would support a finding that the defendant is estopped to assert the statute of limitations as a defense to the plaintiff's action. *Kuehne v. Denson*, 148 Tex. 54, 219 S.W.2d 1006, 1009 (1949). The

defendant has failed to sustain his burden of showing that there is no material issue of fact relating to its defense of the statute of limitations.

The judgment is reversed and the case is remanded to the trial court.