**William Thomas VAUGHN, Appellant,**

v.

**Bruce Douglas HUGHES, Appellee.**

**No. 2–95–108–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 29, 1996.

John D. Nation, Dallas, for appellant.

McDonald Sanders, P.C., and Greg S. Hargrove, Gary E. Steffen, Fort Worth, for appellee.

Before CAYCE, C.J., and LIVINGSTON, and RICHARDS, JJ.

## OPINION

CAYCE, Chief Justice.

Appellant William Thomas Vaughn appeals from a take-nothing summary judgment on his claim for personal injuries sustained in an

automobile accident with appellee Bruce Douglas Hughes. We reverse and remand the case for trial.

Vaughn filed suit against Hughes for personal injuries Vaughn allegedly sustained in an automobile accident. In his "Plaintiff's Original Petition," Vaughn alleged that the accident was caused by certain negligent acts committed by the driver of Hughes's vehicle. Although Hughes was the only named defendant, Vaughn stated in his original petition that:

> A vehicle owned by Defendant, BRUCE DOUGLAS HUGHES *and operated by Mrs. Bruce Douglas Hughes* was traveling Northbound on Cooper Street in the City of Arlington. *Mrs.* Hughes suddenly and without warning negligently stopped *her* vehicle.... [Emphasis supplied.]

Hughes moved for summary judgment on the sole ground that he was not driving his vehicle at the time of the accident. As support for his motion he presented his own affidavit stating that his wife was driving and argued that the statement in Vaughn's original petition that Hughes's wife was the driver of the car constituted a judicial admission, which negated an essential element of Vaughn's claim.

After Hughes filed his motion, Vaughn filed "Plaintiff's First Amended Original Petition," which specifically alleged that Hughes was the driver of his vehicle at the time of the accident. Vaughn also attached his affidavit to the response to Hughes's summary judgment motion stating that Hughes was driving during the accident. Notwithstanding Vaughn's amended pleading and controverting affidavit, the trial court rendered a take-nothing summary judgment against Vaughn.

Vaughn challenges the summary judgment in three points of error. In points of error one and three, Vaughn contends that the trial court erred in granting summary judgment on the basis of the allegation contained in his original petition that Hughes's wife was driving at the time of the accident because the pleading was subsequently amended and because a fact issue was created by Vaughn's affidavit stating that Hughes was the driver. In reply, Hughes contends that Vaughn "pled himself out of court" by pleading facts in his original petition constituting a judicial admission that affirmatively negated his cause of action against Hughes. According to Hughes, because Vaughn judicially admitted that Hughes was not driving at the time of the accident, Vaughn was barred from presenting any summary judgment evidence in the form of an affidavit that would contradict his judicial admission.

■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded, and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47. A summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of movant's cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

■ A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least

one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty,* 899 S.W.2d at 197.

 It is recognized that a party may plead himself out of court by alleging facts that affirmatively negate his cause of action. *See Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974); *Daves v. State Bar of Texas,* 691 S.W.2d 784, 790 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.), *appeal dismissed for want of a substantial federal question,* 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986). In such an instance, it is proper to grant a defendant's motion for summary judgment. However, this rule applies only to statements contained in live pleadings. Allegations contained in pleadings that have been superseded by amendment are not conclusive and indisputable judicial admissions. *Sosa v. Central Power & Light Co.,* 909 S.W.2d 893, 895 (Tex.1995); *see also* Tex.R.Civ.P. 65 (amended pleadings are "no longer [to] be regarded as a part of the pleading in the record of the cause").

 In the instant case, Vaughn identified Hughes as the driver in his amended petition. Because the contrary statements in Vaughn's original petition were superseded by the amended pleading, we cannot treat them as judicial admissions that bar Vaughn's affidavit statement that Hughes was the driver. Because the affidavit creates a genuine issue of fact on the question of whether Hughes was driving at the time of the accident, summary judgment was improper. Points of error one and three are sustained. *Having sustained those points, it is unnecessary for us to consider Vaughn's remaining point.*

The judgment of the trial court is reversed and remanded for trial.