**William Thomas VAUGHN, Appellant,**

v.

**Catherine A. STURM–HUGHES, Appellee.**

No. 2-95-208-CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1996.

Rehearing Overruled Feb. 6, 1997.

John D. Nations, Dallas, for Appellant.

McDonald Sanders, P.C., Greg S. Hargrove, Fort Worth, for Appellee.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

CAYCE, Chief Justice.

Appellant William Thomas Vaughn sued appellee Catherine A. Sturm–Hughes for personal injuries arising from an automobile accident. The trial court granted summary judgment, ordering that Vaughn take nothing from Sturm–Hughes on the grounds that his claims are barred by limitations. In his sole point of error, Vaughn asserts that a genuine issue of material fact exists on the question of whether Sturm–Hughes is estopped from relying on the defense of limitations because her insurance company's adjuster allegedly failed to disclose the identity of the driver of the car. We affirm.

### Background Facts

On February 15, 1992, Vaughn was involved in a car accident with Sturm–Hughes and her husband, Bruce Douglas Hughes. On December 16, 1993, Vaughn filed suit against Mr. Hughes in the 67th District Court of Tarrant County, Texas. In his original petition in that case, Vaughn alleged that the accident in question was caused by "[a] vehicle owned by Defendant BRUCE DOUGLAS HUGHES and *operated by Mrs. Bruce Douglas Hughes.*" [Emphasis supplied.] However, Sturm–Hughes was not named as a defendant in the suit.

Mr. Hughes subsequently moved for summary judgment on the ground that Vaughn's allegation that Mr. Hughes was not driving the car at the time of the accident constituted a judicial admission that precluded a finding of liability against Mr. Hughes. During the pendency of the motion, however, Vaughn amended his pleadings to allege that Mr. Hughes was the driver. Nevertheless, the trial court granted Mr. Hughes's motion for summary judgment. On appeal, this court reversed the summary judgment and remanded the case for trial. *See Vaughn v. Hughes,* 917 S.W.2d 477, 479 (Tex.App.— Fort Worth 1996, no writ). The suit against Mr. Hughes is still pending.

On February 6, 1995, while the appeal of the suit against Mr. Hughes was pending in this court, Vaughn filed the instant suit against Sturm–Hughes in the 236th District Court of Tarrant County, Texas, alleging, as he had in his original petition in the suit against Mr. Hughes, that Sturm–Hughes was the driver of the car. Because the second suit was filed almost three years after the accident, Sturm–Hughes moved for summary judgment on limitations grounds.[1] In his

---

1. Section 16.003 of the Texas Civil Practice and Remedies Code provides in pertinent part:
   (a) Except as provided by Section 16.0045, a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.
   TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp.1997).

response, Vaughn contended that Sturm–Hughes should be equitably estopped from relying on limitations as a defense because Vaughn was prevented from filing suit against Sturm–Hughes within the period of limitations as a result of the failure of her insurance company to disclose the identity of the driver of her car to Vaughn's attorney. In support of the response, Vaughn submitted the affidavit of his attorney, Malcolm S. Robinson, in which Robinson averred to the following uncontroverted facts:

As William Vaughn's attorney I engaged in at least one conversation with Alana Lucas of USAA, an authorized agent of Bruce Douglas Hughes and Catherine Sturm Hughes, in which, I requested information critical in determining the identity of the driver of the Defendant's vehicle. Ms. Lucas failed and refused to provide the requested information.

I also personally instructed my legal assistant at the time, Edna F. Smith, to also request information regarding the driver of the Defendant's vehicle. I personally witnessed the conversations Mrs. Smith had with Alana Lucas of USAA in which Ms. Lucas failed and refused to provide the requested information.

Because of Ms. Lucas' failure and refusal to provide any information regarding the driver of the Defendant's vehicle, I was forced to file suit on behalf of William Vaughn to prevent his claim from being barred by the two year statute of limitations without obtaining the necessary information.

By order signed June 23, 1995, the trial court granted Sturm–Hughes's motion for summary judgment. Vaughn appeals.

### Standard of Review

When a defendant moves for summary judgment on the basis of an affirmative defense, such as limitations, the movant must conclusively prove all essential elements of the defense, leaving no genuine issue of material fact remaining. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). The movant has the burden of establishing limitations as a matter of law. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975).

Once the movant establishes the right to summary judgment, the nonmovant must present evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). If a movant establishes an affirmative defense that would bar the suit as a matter of law, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the affirmative defense, for example, facts that would bring the matter within an exception or defense to the movant's affirmative defense. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

### Estoppel

Vaughn concedes that Sturm–Hughes conclusively established all the elements of the affirmative defense of limitations. However, he contends a fact issue exists as to whether Sturm–Hughes should be estopped from asserting limitations because her insurer did not disclose to Vaughn's attorney that she was the driver of the car.

Equitable estoppel may bar a limitations defense when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit until the limitations period has run. *Villages of Greenbriar v. Torres,* 874 S.W.2d 259, 264 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Cook v. Smith,* 673 S.W.2d 232, 235 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). It has been held that an insurance adjuster acting for an insurance company may be considered the agent of the insured for purposes of estopping the insured from asserting a statute of limitations defense. *Mandola v. Mariotti,* 557 S.W.2d 350, 352 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

To invoke equitable estoppel, a party must prove the following elements: (1) a false representation or concealment of material fact; (2) made with knowledge, actual or constructive, of the facts; (3) to a party without knowledge or the means of knowledge of the real facts; (4) with the intention that it should be acted upon; and (5) the party to whom it was made must have relied

upon or acted upon it to his prejudice. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). When equitable estoppel is alleged in avoidance of a limitations defense, the failure to file suit must be "unmixed" with any want of diligence on the plaintiff's part. *Leonard v. Eskew,* 731 S.W.2d 124, 129 (Tex.App.—Austin 1987, writ ref'd n.r.e.) (op. on reh'g); *Jim Walter Homes, Inc. v. Mora,* 622 S.W.2d 878, 880 (Tex.App.—Corpus Christi 1981, no writ).

■ Equitable estoppel arises only in situations where one party has refused to do what he or she has a duty to do. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 175 (Tex.1995); *Vrazel v. Skrabanek,* 725 S.W.2d 709, 711 (Tex.1987). Although we have found no cases that impose a duty on an insurance company to disclose to a third-party claimant incriminating information about its insured, there are two cases that provide us guidance. In *Otis v. Scientific Atlanta, Inc.,* 612 S.W.2d 665 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), the Otises sued several companies involved in the manufacture of a home fire alarm that malfunctioned. After the statute of limitations had run, the Otises sought to add Scientific Atlanta, Inc., the manufacturer of a component part of the fire alarm, as a defendant. The Dallas Court of Appeals rejected the Otises' contention that Scientific Atlanta, Inc. should be barred from relying on the applicable limitations period because it fraudulently concealed its identity. The court said:

As we have indicated above, plaintiffs do not argue that they did not know of their injury or the cause of their injury. We have been cited no authority, and we have found none, which supports the proposition that in Texas concealment of one's identity tolls the running of the statute of limitations on a cause of action against that person.

In *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974), our supreme court described the rule of fraudulent concealment as follows:

When the *defendant is under a duty* to make a disclosure but fraudulently *conceals the existence of a cause of action* from the one to whom *it* belongs, the guilty party will be estopped from relying on the defense of limitations until *the right of action* is, or in the exercise of reasonable diligence should be, discovered. *Id.* at 519 [Emphasis added.]

In the case before us, plaintiffs knew they could assert a cause of action against the manufacturers of any defective part of the alarm system. *The existence of a cause of action was not concealed, and defendant was under no duty to disclose its identity to plaintiffs.*

*Id.* at 666 (emphasis supplied).

We find further guidance in a recent decision of the Texas Supreme Court in which the court held that insurance companies are not required to perform duties for third-party claimants that compromise the duties the insurer owes to its insured. *Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 279–80 (Tex.1995). In *Transport,* a third-party claimant brought suit against a liability insurer and others on numerous theories, alleging that the defendants had failed to disclose information that would have revealed the true value of her wrongful death claim when it negotiated settlement of the claim during her minority. *Id.* at 271–72. The plaintiff contended that the insurer owed her a duty comparable to the common-law duty of good faith and fair dealing an insurance company owes its insured. *See Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). In addressing this issue, the court reasoned and held:

This Court has held that an insurer owes an insured a duty of good faith and fair dealing because of the special relationship arising out of the insurance contract. However, the Court has not squarely ruled on whether an insurer's duty of good faith and fair dealing extends to a third-party claimant. Identifying a source of such a duty is problematic. As this Court stated in [*Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex.1994) (op. on reh'g) ]:

A third party claimant has no contract with the insurer or the insured, has not paid any premiums, has no legal relationship with the insurer, and in short,

has no basis upon which to expect or demand the benefit of ... extra-contractual obligations imposed on insurers.

An insured's interests are adverse to third-party claimants. In this case, Faircloth's interests were adverse to Allied Van Lines, and Transport's duty of good faith and fair dealing ran to Allied, its insured. *Transport owed a duty to its insured to defend the claim, and if warranted by the facts, to settle the claim consistent with the insured's best interests. For policy reasons, we do not require insurance companies to perform duties for third-party claimants that are "coextensive and conflicting" with the duties they owe their insureds. Owing such duties to third parties would "necessarily compromise the duties the insurer owes to its insured."* In the case before us, no compelling facts suggest a special relationship existed to warrant imposing on Transport a duty of good faith and fair dealing owed to the third-party claimant, Faircloth.

There was likewise no special relationship between Transport and Faircloth to justify imposing a fiduciary duty on Transport. A fiduciary or confidential relationship may arise from circumstances of the particular case, but it must exist prior to, and apart from, the agreement made the basis of the suit. *Faircloth had no dealings with Transport except as a claimant against Transport's insured. Faircloth, Caldwell, or Askins had no reason to place a high degree of trust in Transport.* Therefore, no special relationship arose before or during the settlement negotiations which could give rise to fiduciary duties.

*Transport Ins. Co.,* 898 S.W.2d at 279–80 (emphasis supplied) (citations omitted).

■ In the case before us, Vaughn knew he could assert a cause of action against both Sturm–Hughes and Mr. Hughes for any alleged negligence that may have caused the accident in question. The existence of a cause of action was not concealed, and we do not believe that the USAA adjuster's alleged failure to disclose that Sturm–Hughes was driving at the time of the accident tolls limitations, particularly when Vaughn knew,[2] or reasonably should have known, that he had a cause of action. *See Griffith v. Shannon,* 284 S.W. 598, 600 (Tex.Civ.App.—Austin 1926, writ dism'd w.o.j.) ("Fraud and concealment, in order to prevent the running of the statute, must relate to concealment of the cause of action and not to the concealment of the parties."). Moreover, we find no evidence suggesting that a special relationship existed between Vaughn and USAA that would justify imposing a duty on USAA to disclose to Vaughn that its insured was the driver of her car. Vaughn had no dealings with USAA except as a claimant against Sturm–Hughes and Mr. Hughes. Neither Vaughn nor his attorney had any reason to place a high degree of trust in Sturm–Huges's insurer. Vaughn's interests were adverse to Sturm–Hughes, and USAA owed a duty to Sturm–Hughes to defend her against Vaughn's claim and act in a manner consistent with Sturm–Hughes's best interests. *See Transport Ins. Co.,* 898 S.W.2d at 279. Absent a special relationship, requiring USAA to disclose Sturm–Hughes's identity before the filing of Vaughn's suit would conflict with and compromise USAA's duty to Sturm–Hughes. *See id.; see also Watson,* 876 S.W.2d at 150 (holding that an insurer owes no duty of good faith to third-party claimants under the Insurance Code, without reaching the question of a possible common-law duty).

We recognize that there are cases where an adjuster's conduct has been held to preclude an insured from setting up a limitations defense; however, those cases are distinguishable. In *Cook,* a case similar to that here, a husband and wife were involved in a collision with Cook while the wife was driving. Cook mistakenly sued the husband and later attempted to join the wife as a party after the statute of limitations had run, alleging that she delayed filing suit based on repeated representations by the adjuster that her claim would be paid. *Cook,* 673 S.W.2d at 234. In her summary judgment proof, Cook showed that the adjuster paid

---

**2.** The mere fact that Vaughn identified Sturm–Hughes as the driver in his original petition filed in the first suit against Mr. Hughes is some evidence that Sturm–Hughes's identity was known to Vaughn.

her property damage claim; that he sent correspondence to her indicating that her other claims would be settled as quickly as possible; that he requested certain documents from her, representing that the documents were needed before negotiating a settlement; and that he requested documents from her doctor about her medical condition. *Id.* In addition, Cook's summary judgment affidavit stated that representations were made to her over the telephone by the Smiths' insurance company "that I [Cook] would receive compensation for the injury sustained by myself just as soon as I had completed doctor's care for said injury." *Id.* at 234–35. Based on this and other uncontroverted summary judgment proof, the Dallas Court of Appeals held that Cook had raised a fact issue "as to whether the adjuster falsely made representations to Cook that her medical bills would be paid" to delay filing of the suit until after limitations had run. *Id.* at 235.

Similarly, in *Mandola*, the Houston Court of Appeals held that an issue of equitable estoppel was raised because the adjuster advised the claimant that she did not need an attorney because the insurance company would take care of her damages and periodically assured her that the company would take care of her damages. The insurance company also paid certain medical bills. *See Mandola*, 557 S.W.2d at 352.

As can be readily seen, both *Cook* and *Mandola* involved adjusters that knowingly made false representations to claimants that their claims would be paid with the intention that the claimant would rely on the assurance of payment and not file suit until limitations had run. The claimants in those cases had no means of knowing whether the adjusters' statements were true, and based on the evidence in those cases, it was reasonable for them to place a degree of trust in the adjuster.

In contrast, there is no evidence in this case that the USAA adjuster gave Vaughn any false information about the claim or USAA's intentions to pay the claim. Vaughn had no dealings with USAA that would have given him reason to place his reliance or trust in USAA, and there is no showing that

Vaughn was without means to obtain knowledge of the identity of the driver of the car. Therefore, unlike *Cook* and *Mandola*, there are no facts in this case to suggest that a special relationship existed between Vaughn and USAA or that the USAA adjuster fraudulently concealed information from Vaughn for the purpose of inducing him to delay filing his suit on the false belief that his claims would be paid.

Because we find that Vaughn has failed to raise a fact issue that would defeat Sturm–Hughes's limitations defense, we affirm the judgment of the trial court.