

## NUMBER 13-10-00614-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JEAN CONWAY,** **Appellant,**

**v.**

**DALLAS DURELL AND KELLY SOLIZ,** **Appellees.**

### On appeal from the 36th District Court of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Jean Conway, appeals from a final summary judgment entered in favor of appellees, Dallas Durell and Kelly Soliz. We affirm.

### I. BACKGROUND

Appellant and Durell were involved in a same-sex relationship beginning in 1978 and cohabitated almost continuously for the next 30 years. In 1998, Durell was diagnosed with a terminal illness. She and appellant moved to Rockport, Texas, where

Durell purchased a home in her name only. In 2000, Durell executed a will devising her real property to appellant.

On November 5, 2003, Durell executed a warranty deed for the Rockport home in favor of appellant; however, the deed was never recorded and Durell did not surrender physical possession of the deed to appellant. Instead, Durell kept the deed in a box in her room and would "dangle" the deed before appellant to manipulate her behavior. According to appellant, in 2008, Durell made representations to appellant that the home belonged to appellant, reassuring her, "This is your house."

On October 3, 2008, appellant vacated the Rockport home following a violent argument with Durell. In 2009, appellant learned that Durell was "leaving the house" to her daughter, Soliz. Thereafter, on July 23, 2010, appellant sued appellees for breach of fiduciary duty, fraud, negligent misrepresentation, and promissory estoppel. Appellees moved for summary judgment based on limitations. The trial court granted a final summary judgment against appellant on all her claims, and this appeal ensued.

## II. ANALYSIS

In five issues, appellant argues that the trial court erred in granting a final summary judgment in favor of appellees.

### A. Standard of Review

To succeed in a motion for summary judgment under rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991)). In reviewing a summary judgment, we consider the evidence in the light most favorable to

the non-movant and resolve any doubt in the non-movant's favor. *Id.* (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). When the plaintiff pleads the discovery rule as an exception to limitations, the defendant must negate that exception as well. *Id.* (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988)).

## B. Applicable Law

A person must bring suit on a cause of action for fraud or breach of fiduciary duty not later than four years after the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4), (5) (West 2002). A four-year statute of limitations also applies to a claim for promissory estoppel. *Ambulatory Infusion Therapy Specialist, Inc. v. N. Am. Adm'rs, Inc.*, 262 S.W.3d 107, 119 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A two-year statute of limitations applies to a claim for negligent misrepresentation. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998).

Generally, when a cause of action accrues is a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy. *Id.* (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)). In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the

3

plaintiff learns of that injury or if all resulting damages have yet to occur. *Id.* (citing *S.V. v. R.V*, 933 S.W.2d 1, 4 (Tex. 1996)).

When applicable, the discovery rule will toll the statute of limitations such that it does not begin to run until the date on which the claimant knew or reasonably should have known of the facts giving rise to its cause of action. *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006). The discovery rule applies if: (1) the injury is inherently undiscoverable; and (2) the evidence of the injury is objectively verifiable. *Velsicol Chem. Corp.*, 956 S.W.2d at 530 (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994)). The Texas Supreme Court has described the requirement of an "inherently undiscoverable" injury as follows:

> To be "inherently undiscoverable," an injury need not be absolutely impossible to discover, else suit would never be filed and the question whether to apply the discovery rule would never arise. Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations; discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and plaintiff's diligence as well. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence.

*S.V.*, 933 S.W.2d at 7.

### C. Accrual Date

In her first issue, appellant complains that the trial court erred in finding that her causes of action for fraud, breach of fiduciary duty, promissory estoppel, and negligent misrepresentation accrued on November 5, 2003. According to the letter ruling by the trial court, "[t]he summary judgment evidence is undisputed that [Durell] had a deed to the property, the subject of this suit, prepared and failed to either record or physically deliver the deed to [appellant]. Subsequent to such action[, appellant's] testimony was

4

that the deed would be dangled in her face." Based on the foregoing, the trial court found that "[i]f any contract existed between the parties regarding the subject real estate, [appellant] knew or should have known in 2003 that a cause of action existed."

According to appellant, "Such a determination was arbitrary—inexplicable, really, given the uncontroverted evidence presented by [appellant]." Appellant points out that "[t]he date of accrual set by the trial court in the instant case, November 5, 2003, was the date [appellant's] longtime companion, [Durell], executed a warranty deed granting [appellant] one-half of the parties' homestead." According to appellant, she "certainly cannot be said to have been injured at all by receiving an undivided equal share of the parties' house."

Appellees maintain that the trial court's ruling was correct because the deed was never delivered. *See Stephens County Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1975) ("It is settled that title to transferred property will vest upon execution and delivery of the deed."). Appellees argue that appellant's causes of action, if any, arose in 2003, when the deed was prepared but never delivered, because that meant the deed was not effective and appellant therefore did not receive an undivided interest in the Rockport house. *See id.* Appellees argue that the undisputed fact that the deed was never recorded is material because it precludes any presumption of delivery based solely on the fact that the deed was prepared. *See id.* ("A prima facie case of delivery and the accompanying presumption that the grantor intended to convey the land according to the terms of the deed is established . . . when it is shown that the deed has been filed for record."); *Bell v. Smith*, 532 S.W.2d 680, 685 (Tex. App.—Fort Worth

5

1976, no writ) ("And in the absence of evidence to the contrary, a deed will be presumed to have been delivered at the time of its execution.").

We agree with appellees. Generally, a conveyance of real property must be in writing, signed by the grantor, and delivered to the grantee. *See* TEX. PROP. CODE ANN. § 5.021 (West 2004). A deed does not have to be recorded to convey title. *See Thornton v. Rains*, 299 S.W.2d 287, 288 (Tex. 1957); *Burris v. McDougald*, 832 S.W.2d 707, 709 (Tex. App.—Corpus Christi 1992, no writ). A conveyance is effective and title is transferred after the execution and delivery of the deed. S*tephens County Museum*, 517 S.W.2d at 261; *Rothrock v. Rothrock*, 104 S.W.3d 135, 138 (Tex. App.—Waco 2003, pet. denied); *Hicks v. Loveless*, 714 S.W.2d 30, 32 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

Two elements must be established to prove delivery of a deed: (1) the grantor must relinquish control over the deed to the grantee or a third party, and (2) the grantor must intend the deed to become operative as a conveyance. *See Binford v. Snyder*, 189 S.W.2d 471, 475 (1945); *see also Ragland v. Kelner*, 221 S.W.2d 357, 359 (Tex. 1949); *Vasquez v. Vasquez*, 973 S.W.2d 330, 331 (Tex. App.—Corpus Christi 1998, pet. denied); *Hicks*, 714 S.W.2d at 32.

The undisputed evidence shows that Durell prepared the deed, but never delivered it to appellant, resulting in the injury for which appellant has asserted her causes of action in this suit. We note appellant's uncontroverted evidence that the document was kept in a box in Durell's bedroom, a location to which appellant had access; however, we disagree with appellant's assertion that this is evidence that Durell relinquished control over the deed to appellant. If anything, it tends to prove that Durell

6

did not relinquish control over the deed to appellant. Furthermore, in light of appellant's testimony that Durell would "dangle" the deed in front of appellant to manipulate appellant, the only reasonable conclusion that can be drawn is that Durell did not relinquish control over the deed to appellant and did not intend the deed to become operative as a conveyance. Accordingly, we conclude that the trial court did not err in its ruling as to the accrual date of appellant's causes of action.

Appellant's first issue is overruled.

**D.     Discovery Rule**

In her second issue, appellant complains that the trial court erred in finding that appellees discharged their burden of showing that the discovery rule, which was pled by appellant, does not apply to the facts of this case.

Appellant is correct in noting that a defendant moving for summary judgment on the affirmative defense of limitations has the burden to:

> (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury.

*KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

As noted above, the trial court ruled that, based on the fact that the deed was prepared in 2003 but never recorded or delivered, appellant knew or should have known in 2003 that a cause of action existed. Inherent in this ruling is the trial court's conclusion that appellant knew or should have discovered the nature of her injury in

7

2003. The trial court's letter ruling specifically referenced appellant's summary judgment evidence, an affidavit, in which appellant states:

> Although [Durell] signed the deed in the title company office and got it notarized, we did not go to the courthouse to record the document, as [Durell] said she wanted to get the house refinanced and having the deed on record at the courthouse might make the mortgage holder . . . balk. From that point on, though, [Durell] used the deed as something to dangle in my face when she wanted me to stay with her.

The undisputed fact that Durell would "dangle" the deed in appellant's face to manipulate appellant's behavior clearly shows that (1) appellant knew or should have known that she had no vested interest in the property (i.e., that the deed had been neither delivered nor recorded) and (2) the terms and conditions on which Durell was offering to transfer an interest in the property to appellant were being changed each time this occurred. Accordingly, we conclude that the trial court did not err in ruling that appellant knew or should have discovered her alleged injury (i.e., that she did not receive a vested interest in the property) in 2003, when Durell began to "dangle" the deed.

Appellant's second issue is overruled.

### E. Tolling Provisions of Discovery Rule

In her third issue, appellant complains that the trial court erred in granting summary judgment in favor of appellees on their affirmative defense of limitations when there were material fact issues as to the tolling provisions of the discovery rule. Although appellant makes various arguments in support of her contention that the discovery rule is applicable to her causes of action, in particular, her cause of action for breach of fiduciary duty, we believe that, in addressing appellant's second issue, we have already addressed the substance of appellant's third issue.

8

There is no genuine issue of material fact regarding the discovery of appellant's injury. Based on her affidavit, appellant knew or should have known in 2003, when Durell began to "dangle" the deed, that Durell had not transferred an interest in the property to her and that Durell was changing the terms and conditions on which she was willing to transfer an interest in the property to appellant. Accordingly, the trial court did not err in concluding that appellees met their burden to establish their entitlement to judgment as a matter of law on the affirmative defense of limitations. *See KPMG Peat Marwick.*, 988 S.W.2d at 748.

Appellant's third issue is overruled.

### F.    Fraudulent Concealment

In her fourth issue, appellant complains that the trial court erred in granting summary judgment in favor of appellees on their affirmative defense of limitations when there were material fact issues as to the tolling provisions of fraudulent concealment.

Fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to the plaintiff's claim. *Malone v. Sewell*, 168 S.W.3d 243, 251 (Tex. App.—Fort Worth 2005, pet. denied). Fraudulent concealment tolls limitations until the plaintiff discovers the fraud or could have discovered the fraud with reasonable diligence. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001). Once the defense of limitations is conclusively established, and the plaintiff resists summary judgment by asserting fraudulent concealment, the burden is on the plaintiff to raise a fact issue on each element of fraudulent concealment. *Shah*, 67 S.W.3d at 841 (citing *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994)). Fraudulent concealment consists of four elements: (1) the existence of the underlying tort; (2) the

9

defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *Malone*, 168 S.W.3d at 252.

Again, we conclude that appellant's affidavit testimony was a sufficient basis for the trial court to rule, as a matter of law, that the limitations periods for appellant's causes of action were not tolled by the doctrine of fraudulent concealment. Appellant's affidavit states that appellant knew Durell had not recorded the deed and that Durell would "dangle" the deed to manipulate her, both of which demonstrate that appellant had actual knowledge and awareness of her injury in 2003, as the trial court ruled. As a result, appellant could not raise a genuine issue of material fact on the third and fourth elements for fraudulent concealment (i.e., the defendant's use of deception to conceal the tort and the plaintiff's reasonable reliance on the deception, respectively). Accordingly, the trial court did not err in ruling against appellant on the issue of fraudulent concealment.

Appellant's fourth issue is overruled.

## G. Equitable Estoppel

In her fifth issue, appellant complains that the trial court erred in granting summary judgment in favor of appellees on their affirmative defense of limitations because they were equitably estopped from raising the defense.

Equitable estoppel may bar a limitations defense when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit until the limitations period has run. *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex.

App.—Houston [1st Dist.] 1994, writ denied); *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

To invoke equitable estoppel, a party must prove the following elements: (1) a false representation or concealment of material fact; (2) made with knowledge, actual or constructive, of the facts; (3) to a party without knowledge or the means of knowledge of the real facts; (4) with the intention that it should be acted upon; and (5) the party to whom it was made must have relied upon or acted upon it to his prejudice. *Vaughn v. Sturm-Hughes*, 937 S.W.2d 106, 108-09 (Tex. App.—Fort Worth 1996, writ denied) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991); *Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (1952)). When equitable estoppel is alleged in avoidance of a limitations defense, the failure to file suit must be "unmixed" with any want of diligence on the plaintiff's part. *Id.* at 109.

Appellant argues that, "[a]ssuming for the sake of argument that the court properly fixed the accrual date some six years prior to filing suit, [appellees] are nevertheless equitably estopped to rely on the limitations defense . . . [based on the] representation [by Durell] on October 1, 2008 that the house was [appellant's]." We disagree.

The doctrine of equitable estoppel requires proof that appellant "relied upon or acted upon [the false representation or concealment] to [her] prejudice." *See Vaughn*, 937 S.W.2d at 108. Appellant's contention is Durell made the false statement to her on October 1, 2008 with the intent of having appellant rely upon it by not filing suit; however, even if this were true, appellant cannot show any harm or prejudice because the statute of limitations had already expired on her claims by 2008. *See* TEX. CIV.

11

PRAC. & REM. CODE ANN. § 16.004(a)(4), (5) (requiring suit on a cause of action for fraud or breach of fiduciary duty to be brought not later than four years after the day the cause of action accrues); *Ambulatory Infusion Therapy Specialist, Inc.*, 262 S.W.3d at 119 (holding that a four-year statute of limitations applies to a claim for promissory estoppel); *HECI Exploration Co.*, 982 S.W.2d at 885 (holding that a two-year statute of limitations applies to a claim for negligent misrepresentation). Accordingly, the trial court did not err in granting summary judgment in favor appellees because equitable estoppel did not apply.

Appellant's fifth issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
26th day of July, 2012.

12