**Opinion filed June 8, 2017**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-14-00296-CV**

_____

## ROBERT J. JOHNSON, Appellant,

## V.

## OSCAR O. TENA AND MICHAEL GARCIA, Appellees

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CV-49,544**

**M E M O R A N D U M   O P I N I O N**

Two years after a vehicle accident in Midland, Robert J. Johnson sued Oscar O. Tena, the owner of a pickup that was involved in that accident. Johnson alleged that he had sustained bodily injuries and property damage in the accident. Five months after the limitations deadline had expired, Johnson sued Michael Garcia, Tena's nephew, who was the driver of Tena's pickup at the time of the accident. Tena and Garcia moved for summary judgment on traditional grounds. Garcia

moved for summary judgment on his affirmative defense of statute of limitations.[1] Johnson responded and argued that Garcia was equitably estopped to assert the limitations defense. The trial court granted Garcia's motion for summary judgment and entered judgment in his favor. Johnson appealed.

On appeal, Johnson asserts that the trial court erred when it granted summary judgment in Garcia's favor because Johnson had raised genuine issues of material fact on the elements of his defense of equitable estoppel. We affirm.

## I. *Background Information*

On the day of the accident, Garcia and his cousin, Frank Tena, borrowed a pickup owned by Frank's father, Oscar Tena. At the time of the accident, they were on the way to Garcia's father's house to get the spare keys to Garcia's vehicle; Garcia had locked his other set of keys in his vehicle. Oscar Tena gave Garcia permission to use the pickup. Johnson stated in his affidavit that, as he waited at a red stop light on July 12, 2011, he "was struck from behind by a vehicle" owned by Oscar Tena. Garcia, the driver of the pickup that collided with Johnson's pickup, claimed that Johnson abruptly changed lanes in front of Garcia just before the collision occurred.

Immediately after the accident, Johnson and Garcia spoke to each other and exchanged insurance information. Garcia said that he and his cousin spoke to Johnson and that Johnson called and spoke to Loya Insurance Company, the company that provided the insurance policy to Oscar Tena. Johnson did not mention that he spoke to Frank Tena, but he did confirm that, while he was at the scene, he spoke to an agent from Loya Insurance. Garcia testified in his deposition that he gave Johnson his name and his driver's license number and that Johnson looked at Garcia's driver's license and then returned it to Garcia. Johnson, however, denied

---

[1]We note that Tena moved for summary judgment on other grounds and that Johnson states in his appellate brief that he "does not appeal dismissal of claims versus Oscar Tena." Accordingly, we do not address the merits of the summary judgment with respect to Tena.

that those things happened. He stated that he thought Oscar Tena was the driver of the pickup. According to Garcia, Johnson did not want to involve the police or file an accident report. Garcia said that Johnson told him that Johnson had been drinking a beer, and Garcia saw a "tall boy" beer can in the console of Johnson's pickup.

After the accident, Johnson communicated with Loya Insurance and received correspondence from it. Loya Insurance paid $1,302.55 for Johnson's property damage and initially offered a $250 settlement for Johnson's bodily injury claim. Within three months after the accident, Johnson hired a lawyer; the lawyer also communicated with Loya Insurance about Johnson's claims and made a *Stowers*[2] demand on October 7, 2011. On November 23, 2011, Loya Insurance then increased its settlement offer for bodily injury to $5,000.

Johnson's lawyer rejected Loya Insurance's settlement offer and made another *Stowers* demand on June 13, 2012, which Loya Insurance did not accept. In July 2012, and then five more times from January to May 2013, Loya Insurance sent correspondence to Johnson's lawyer that requested additional medical information to evaluate Johnson's bodily injury claims, but Johnson's lawyer never responded.

## II. *Issue Presented*

Johnson asserts one issue with five subparts and argues that he raised a question of material fact on each element of his equitable estoppel defense. Johnson

---

[2]Common law imposes a duty on liability insurers to settle third-party claims against their insureds when reasonably prudent to do so. *See G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved). "When these conditions coincide and the insurer's negligent failure to settle results in an excess judgment against the insured, the insurer is liable under the Stowers Doctrine for the entire amount of the judgment, including that part exceeding the insured's policy limits." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009) (citing *G.A. Stowers Furniture Co.*, 15 S.W.2d at 548). "Texas law insurers must 'exercise "that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business" in responding to settlement demands within policy limits.'" *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994) (quoting *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994)).

3

claims in his first subpart that he raised a genuine issue of material fact that Loya Insurance misrepresented or concealed facts about the identity of the driver, Garcia. In his second and third subparts, he argues that he raised a fact question that Loya Insurance withheld knowledge and remained silent when it should have told him that Garcia was the driver. In addition, in his last two subparts, Johnson claims that he had no "means of knowing" the driver's identity and that he reasonably relied on Loya Insurance's misrepresentations.

### III. *Standard of Review*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). As in this case, the movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When a party moves for summary judgment on traditional grounds, we take the evidence adduced in favor of the nonmovant as true and draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence that raises a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *see also Plunkett v. Conn. Gen. Life Ins. Co.*, No. 11-13-00129-CV, 2015 WL 3484985, at *4 (Tex. App.—Eastland May 29, 2015, pet. denied) (mem. op.). Thus, if a movant establishes an affirmative defense, then the burden of production shifts to the

nonmovant. *Hofstetter v. Loya Ins. Co.*, No. 01-10-00104-CV, 2011 WL 1631938, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet. denied) (mem. op).

When the trial court's judgment does not specify the grounds upon which it relied for its ruling, the judgment must be affirmed if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## IV. *Analysis*

Johnson sued Garcia for negligence that arose out of an automobile accident. Negligence has a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2017); *see also Honea v. Morgan Drive Away, Inc.*, 997 S.W.2d 705, 707 (Tex. App.—Eastland 1999, no pet.). A claimant in a suit for negligence that arises from an automobile accident must file the lawsuit for those damages within two years from the date the cause of action accrued. *See* CIV. PRAC. & REM. § 16.003(a). The statute of limitations begins to run when the cause of action accrues. CIV. PRAC. & REM. § 16.003(a); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 776 (Tex. App.—Dallas 2005, pet. denied).

### A. *When did Johnson's claims accrue?*

In applying the statute of limitations, a cause of action generally will accrue when facts come into existence that gives a claimant the right to seek remedy in the courts. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977). In personal injury actions, it is when "the wrongful act effects an injury, regardless of when the claimant learned of such injury." *Id.*; *see also Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967) (general rule for tort action is it accrues when tort is committed notwithstanding fact that full range of damages are not ascertainable until a later date). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

"As a general rule, when the elements of duty, breach, and resulting injury or damage are present, a tort action accrues. Then, the statute of limitations begins to run." *Burke*, 169 S.W.3d at 776. "If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort." *Id.* Johnson's claim for personal injuries and property damage accrued on July 12, 2011, when the accident occurred and the alleged negligence of Tena and Garcia injured him and damaged his pickup, even though the amount of damages was unknown at that time. *See id.*; *see also Riojas v. Phillips Props., Inc.*, 828 S.W.2d 18, 21 (Tex. App.—Corpus Christi 1991, writ denied). Therefore, the two-year limitations deadline was July 12, 2013. Johnson filed suit against Tena the day before limitations expired, but he filed suit against Garcia five months after that deadline had passed.

Once Garcia established all the elements of the limitations defense as a matter of law, the burden of production shifted to Johnson to defeat Garcia's affirmative defense. TEX. R. CIV. P. 94; *see Hofstetter*, 2011 WL 1631938, at *2 (citing *EPGT Tex. Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 335 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd)). In this case, Johnson concedes that he did not sue Garcia within the two-year limitations period, but he argues that summary judgment in Garcia's favor is improper because Johnson raised fact questions on his equitable estoppel defense.

*B. The elements of an equitable estoppel in avoidance of a limitations defense.*

To defeat Garcia's limitations defense with an equitable estoppel defense, Johnson must provide summary judgment evidence to raise a fact issue for each element of his claim of equitable estoppel. *See Hofstetter*, 2011 WL 1631938, at *2 (citing *Rabe v. Dillard's, Inc.*, 214 S.W.3d 767, 768 (Tex. App.—Dallas 2007, no

6

pet.); *Resolution Trust Corp. v. Ammons*, 836 S.W.2d 705, 710 (Tex. App.—Houston [1st Dist.] 1992, no writ) (plaintiff may defeat defendant's summary judgment when plaintiff raises fact issue on each element of counter-affirmative defense)). The elements of equitable estoppel are as follows:

> (1) a false representation or concealment of material facts;

> (2) made with knowledge, actual or constructive, of those facts;

> (3) with the intention that it should be acted on;

> (4) to a party without knowledge or means of obtaining knowledge of the facts; and

> (5) who detrimentally relies on the representation or concealment.

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991)). As we explain below, if Johnson failed to raise a material fact question on the threshold issue of duty, then his equitable estoppel claim will not defeat Garcia's statute of limitations defense. Because the presence of a duty is a threshold question of law, we will address that issue first.

### C. Because Johnson, as a third-party claimant, had no special relationship with Loya Insurance, it owed no duty to him.

Johnson cannot avail himself of an estoppel defense if Loya Insurance had no duty to him as a third-party claimant. Insurance companies represent their insured's interests and are adverse to third-party claimants; thus, they are not required to perform duties for third-party claimants that compromise the duties that the insurer owes to its insured. *Vaughn v. Sturm-Hughes*, 937 S.W.2d 106, 109 (Tex. App.—Fort Worth 1996, writ denied). In *Vaughn*, the court referred to two cases, *Otis v. Scientific Atlanta, Inc.* and *Transport Insurance Co. v. Faircloth*, that led the court to the conclusion that the failure of an insurer to disclose the identity of a driver in an accident did not give rise to an equitable estoppel defense sufficient to toll the

statute of limitations. *Vaughn*, 937 S.W.2d at 109 (citing *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 279–80 (Tex. 1995); *Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d 665 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.)).

In *Otis*, the plaintiffs sought to add a defendant that made a component part of an alleged defective fire alarm. The *Otis* court held that, in Texas, the concealment of one's identity does not toll the statute of limitations. *Otis*, 612 S.W.2d at 666. In *Faircloth*, the court held that a third-party claimant cannot expect or demand "extra-contractual obligations" from insurers. *Faircloth*, 898 S.W.2d at 279. "For policy reasons, we do not require insurance companies to perform duties for third-party claimants that are 'coextensive and conflicting' with the duties they owe their insureds." *Id.* (quoting *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 150 (Tex. 1994)). "Owing such duties to third parties would 'necessarily compromise the duties the insurer owes to its insured.'" *Id.* at 279–80 (quoting *Watson*, 876 S.W.2d at 150).

Johnson adduced no evidence that would raise a material fact question that a special relationship existed that would impose a duty on Loya Insurance to him as a third-party claimant. Johnson's case is unlike the case he cites for support, *Cook v. Smith*, where the insurer promised to pay a settlement to the claimant but did not intend to do so and thereby induced the claimant to delay filing suit. 673 S.W.2d 232, 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (fact question on equitable estoppel precluded summary judgment where adjuster falsely made representations to Cook that her medical bills would be paid and sought to delay Cook in filing of the suit). Here, not only did Loya Insurance not agree to pay Johnson's bodily injury claims, it also actively questioned those claims. Although it made modest settlement offers, Loya Insurance did not accept Johnson's *Stowers* demands and continually requested additional medical information over an eleven-month period in order to evaluate his bodily injury claims.

## V. *Conclusion*

The trial court did not err when it granted summary judgment in favor of Garcia. Johnson failed to a raise a material fact question that Loya Insurance owed him a duty as a third-party claimant. In light of the resolution of the duty issue, we need not address the other elements of Johnson's estoppel defense. We overrule Johnson's sole issue on appeal.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

June 8, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.